# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PAUL CHATMAN (#N-50116), | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 7834 |
| | ) | |
| GREG GOSSETT, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM ORDER

Paul Chatman ("Chatman"), who was convicted in the Circuit Court of Cook County more than three decades ago (on October 25, 1984) on charges of armed robbery and first degree murder and who is still serving his lengthy sentence on those charges,[1] has just filed a 28 U.S.C. § 2254[2] Petition for Writ of Habeas Corpus ("Petition") in which he challenges the murder sentence as assertedly void. Although it appears obvious from Chatman's filing that the Petition is far out of time in terms of the short one-year period of limitation imposed by Section 2244(d)(1) because his recital of the history of his case does not indicate that the tolling provided by Section 2244(d)(2) even begins to cover much of the huge time gap involved, this Court need

---

[1] According to Chatman's current Petition, the sentences imposed on him as a result of his conviction comprise 30 years for the armed robbery offense and a 75 year extended term for the first degree murder (Chatman does not indicate whether those sentences were imposed concurrently or consecutively).

[2] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

not explore that subject because of Chatman's obvious failure to surmount another statutory hurdle.

That additional problem is posed by the fact that Chatman has once before sought federal habeas relief in this District Court -- his current Petition Pt. II ¶ 3 acknowledges that fully two decades ago he filed United States ex rel. Chatman v. Page, 94 C 6715, a case that was resolved by the denial of habeas relief on November 17, 1994. That earlier filing brings Section 2244(b)(3)(A) into play:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Accordingly the current Petition is dismissed without prejudice, subject to its possible renewal if, as and when the Court of Appeals so determines pursuant to the requirements of Section 2244(b)(3).

_____

Milton I. Shadur
Senior United States District Judge

Date: September 10, 2015

- 2 -